Dear Mr. Antonio:
This is in response to your request for an opinion as follows:
 If the proceeds from the sale of state water pollution control bonds are received by the state prior to the end of fiscal year 1980-81 (FY81), are the proceeds considered as part of total state revenues in FY81 for purposes of calculating the state's revenue limit for FY82 under the Hancock Amendment?
Article X, Sections 16 to 24, Missouri Constitution, comprise the Hancock Amendment. The crux of the amendment is the calculation of the ratio between total state revenues collected by state government in fiscal year 1981, on the one hand, and Missouri personal income during the year 1979, on the other. Once established, that ratio is applied in each fiscal year to determine the maximum portion of the personal income of Missourians which might be used to fund state government.
Water pollution control bonds are issued by the State of Missouri pursuant to authority granted in Article III, Section37(b), Missouri Constitution. Such bonds are general obligation bonds.
Article X, Section 17, defines "total state revenues" in pertinent part as follows:
 "Total state revenues" includes all general and special revenues, license [sic] and fees, excluding federal funds, as defined in the budget message of the governor for fiscal year 1980-1981.
As noted by many of those who have attempted to interpret this provision, it is apparent that the referenced budget message is of little value in delineating which receipts are to be included and which excluded from the computations. Certainly there is nothing specifically informing us that general obligation bond proceeds either are or are not state revenues. In resolution of the inquiry, therefore, we are bound according to general principles of constitutional construction to ascribe to the words used in Section 17 their usual and ordinary meanings.
It is usual, we find, either to define revenue as income or to otherwise treat the terms "revenue" and "income" as synonymous.State ex rel. Thompson v. Board of Regents for Northeast MissouriState Teachers' College, 264 S.W. 698 (Mo. banc 1924); Davis v.Phipps, 85 S.W.2d 1020 (Ark. 1935); Fullerton v. Central LincolnPeople's Utility Dist., 201 P.2d 524 (Ore. 1948). Both income and revenue have been held to be measures of yield or gain. Trefry v.Putnam, 116 N.E. 904 (Mass. 1917); Bates v. Porter, 15 P. 732
(Cal. 1887); Davis v. Phipps, supra, so as to exclude from revenue calculations receipts which could not be classed as income.
In Webb City C. Waterworks Co. v. City of Carterville,43 S.W. 625 (Mo. 1897), the appellant, under contract with the city, was determined by the trial court to be entitled to payment to the extent that "income and revenue" of the city exceeded its necessary expenses. The trial court further held that proceeds received by the city from sale of its bonds were not to be included as revenue or income and the contractor appealed. Noting that the terms "income" and "revenue" encompass more than simply the sum of taxes collected, the court continued:
 But this does not, we think, as insisted upon by plaintiff, include moneys arising from the sale of its bonds . . . and the fact that . . . [a portion of the proceeds] was placed by the defendant in its general expense fund does not alter the case. Income does not mean money borrowed, but in this instance means revenues derived by the city from all sources, and upon all accounts. So that no error was committed by the court, when estimating the annual income and revenues of the city, in excluding from its consideration moneys received from the sale of bonds issued by it, . . . Carterville, supra,
at 629.
We believe that the Carterville case is sound authority requiring the exclusion of bond proceeds from total state revenues.
CONCLUSION
It is the opinion of this office that the proceeds received by the state in fiscal year 1981 from general obligation bonds issued by it constitute neither general nor special revenue of the state and are to be excluded from computations of total state revenue under Article X, Sections 16 to 24, Missouri Constitution.
Very truly yours,
 JOHN ASHCROFT Attorney General